IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMES ALBERT TORAN, JR.,          )
                                  )
          Plaintiff,              )
                                  )
v.                                )          Civil Action No. 5:14-024371
                                  )
JOSEPH COAKLEY, Warden,           )
                                  )
          Defendant.              )

## PROPOSED FINDINGS AND RECOMMENDATION

On August 5, 2014, Plaintiff, acting *pro se* and incarcerated at FCI Beckley in Beaver, West Virginia, filed his Application to Proceed *in Forma Pauperis* and Complaint claiming entitlement to relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and for alleged violations of his constitutional rights pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] (Document Nos. 1 and 2.) Plaintiff names Warden Joseph Coakley as the Defendant. (Id.) In his Complaint, Plaintiff alleges as follows:

On 8-14-12, Plaintiff was returning from an outside medical trip in a transport vehicle that was "clipped" by another vehicle on the driver's side, while enroute back to the FCI on Route 19, near Cherry Creek Dip. On 8-15-12, Plaintiff went for a follow-up, where he complained of neck stiffness, lower back pain, and left wrist pain. Plaintiff has had continued lower back pain since this accident occurred and has had medical problems revolving around this incident in similar areas, which he has brought to the attention of the medical staff on numerous occasions since this incident. (Medical Reports from this incident are attached). Plaintiff was a passenger in this matter.

---

[1]  Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Document No. 2, pp. 4 - 5.) As relief, Plaintiff requests compensatory damages. (Id., p. 5.) As Exhibits, Plaintiff attaches a copy of his pertinent medical records. (Id., pp. 8 - 13.)

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## DISCUSSION

1.  **Bivens Claim**:

    A.      **Exhaustion of Administrative Remedies.**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative

process may not afford them the relief they might obtain through civil proceedings.[3] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), aff'd, 54 Fed.Appx. 159 (4th Cir. 2003), cert. denied, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only "available" administrative remedies be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir.

---

[3] 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983, <u>Bivens</u> or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. <u>See</u> <u>Jones v. Bock</u>, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. <u>See</u> <u>Neal v. Goord</u>, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in <u>Neal</u>, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. <u>Neal</u>, 267 F.3d at 123. In <u>Freeman v. Francis</u>, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available

4

administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. See Jones v. Bock, supra; Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. The Fourth Circuit stated in Anderson, 470 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

For Bivens purposes, proper exhaustion of available administrative remedies requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." Dale v. Lappin, 376 F.3d at 655 (internal citations omitted); also see Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006)(stating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). The Federal Bureau of Prisons [BOP] has established an Administrative Remedy Program, 28 C.F.R. § 542.10, et seq., through which an

inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal

6

is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

In his Complaint, Plaintiff acknowledges that he did not fully exhaust his administrative remedies. (Document No. 2, p. 3.) Concerning his attempts to exhaust, Plaintiff merely states that he "did not have enough time to exhaust administrative remedies without going over the statute of limitations (2 years) for his matter." (Id.) To the extent that Plaintiff claims that he should be excused from exhaustion, his claim is without merit. First, Plaintiff fails to explain why he failed to exhaust his administrative remedies during the statute of limitation period. Next, the United States Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements. . . ."[6] Booth v. Churner, 532 U.S. 741, n. 6, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); also see Massey, 196 F.3d at 727("[T]here is no futility exception to the PLRA's exhaustion requirement."); Jacocks v. Hedrick, 2006 WL 2850639, * 5 (W.D.Va. Sept. 29, 2006)(finding that inmate's alleged pain and suffering after the loss of his eye were not special circumstances that would excuse his failure to exhaust where he had filed prior grievances complaining of other matters). Based on the foregoing, the undersigned recommends that Plaintiff's Complaint be dismissed in view of his failure to exhaust the administrative

---

[6]   Unlike the exhaustion requirement for Section 1983 and *Bivens* actions, the exhaustion requirement for Section 2241 Petitions are judicially imposed. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3rd Cir. 1996); *McCallister v. Haynes*, 2004 WL 3189469 (N.D.W.Va. 2004). Since the exhaustion requirement for a Section 2241 Petition is judicially imposed, the Court has discretion to waive that requirement in certain circumstances. *See LaRue v. Adams*, 2006 WL 1674487, * 8 (S.D.W.Va. June 12, 2006)(citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.), *cert. denied*, 521 U.S. 1131, 118 S.Ct. 2, 138 L.Ed.2d. 1036 (1997)). Courts, therefore, have recognized that exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that "[e]haustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark." *Wright v. Warden*, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy).

remedies provided under the BOP's Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, prior to filing his Complaint. Notwithstanding the foregoing, the undersigned will briefly consider the merits of Plaintiff's claim.

**B.      No Eighth Amendment Violation.**

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 171 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393,

8

397 (6th Cir. 1991); <u>Reingold v. Evers</u>, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." <u>Wolfish v. Levi</u>, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds*, <u>Bell v. Wolfish</u>, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). <u>See also</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'")(<u>quoting</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 526 - 27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). Sentenced prisoners are therefore constitutionally guaranteed adequate medical care under the Eighth Amendment.

To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege and prove (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. <u>Wilson v. Seiter</u>, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" <u>Id.</u> at 298, 111 S.Ct. 2321 (<u>citing</u> <u>Rhodes v. Chapman</u>, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic

9

human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") A medical need serious enough to give rise to an Eighth Amendment claim involves a condition which places an inmate at substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment causes continuous severe pain. The Fourth Circuit stated the applicable standard in Miltier v. Beorn, 896 F.2d 848, 851 - 852 (4th Cir. 1990), as follows:

> To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness. * * * Deliberate indifference may be demonstrated by either actual intent or reckless disregard. * * * A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. * * * Nevertheless, mere negligence or malpractice does not violate the eighth amendment. (Citations omitted)

See also Sosebee v. Murphy, 797 F.2d 179, 183 (4th Cir. 1986)(Facts indicating that guards were aware that inmate's condition had worsened and was life-threatening and intentionally ignored the situation and refused to seek medical assistance provided a reasonable basis for finding deliberate indifference to inmate's medical needs.); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), cert. denied, 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980)(Pretrial detainee's allegations of delay in treatment of his broken arm indicated a reasonable basis for inferring deliberate indifference to his serious medical needs.); Russell v. Sheffer, 528 F.2d 318 (4th Cir.

10

1975)(Summary judgment for defendants affirmed where claim that inmate received constitutionally inadequate medical treatment involved a question of medical judgment not subject to judicial review.) Therefore, Plaintiff must first allege and eventually establish a "sufficiently serious" deprivation of adequate medical care and resulting "serious or significant physical or mental injury" in order to maintain and prevail upon his Eighth Amendment claim. Second, to establish the subjective component of deliberate indifference, Plaintiff must allege and prove each defendant's consciousness of the risk of harm to him. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. In particular, Plaintiff must establish that each Defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979. It is well established that a private physician under contract with a State to provide medical services to inmates acts under color of State law when treating them and may therefore be held liable under Section 1983. See West v. Atkins, 487 U.S. 42, 54, 108 S.Ct. 2250, 2257, 101 L.Ed.2d 40 (1988); Conner v. Donnelly, 42 F.3d 220, 225 (4th Cir. 1994) ("If a physician treating a prisoner – whether by contract or referral – misuses his power by demonstrating deliberate indifference to the prisoner's serious medical needs, the prisoner suffers a deprivation under color of state law.")

In his Complaint, Plaintiff appears to allege that he suffered injuries as the result of negligence. Plaintiff alleges that he was returning from an outside medical trip when the transport vehicle was "clipped" by another vehicle. (Document No. 2, p. 4.) The allegations contained in Plaintiff's Complaint do not present a claim of constitutional magnitude. The undersigned finds that Plaintiff's general allegation of negligence is insufficient to state a claim

under the Eighth Amendment. It is well established that an assertion of mere negligent conduct is not enough to constitute an Eighth Amendment violation. See Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986); Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990)(*recognized in* Sharpe v. South Carolina Dept. of Corr., 621 Fed.Appx. 732, 733 (4th Cir. 2015) *as overruled in part on other grounds by* Farmer, 511 U.S. at 837, 114 S.Ct. 1970). Furthermore, there is no allegation that Defendant Coakley was in any way involved with the automobile accident. Specifically, Plaintiff does not allege that Defendant Coakley caused the automobile accident or that Defendant Coakley denied him medical treatment for any injures suffered. Further, there is no indication in Plaintiff's Complaint that Defendant Coakley was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, or that Defendant Coakley drew that inference. Accordingly, the undersigned finds that Plaintiff's allegations cannot be construed to implicate a constitutional right for the violation of which relief can be granted under Bivens. Plaintiff's Complaint must therefore be dismissed.

2.   **FTCA Claim:**

   A.   **Failure to Exhaust:**

   The Federal Tort Claims Act is a limited waiver of sovereign immunity. This waiver is subject to the condition that an administrative claim must first be submitted to the appropriate agency and denied before suit can be filed. See 28 U.S.C. § 2675(a).[5] See also Bellomy v. United

---

[5]   Title 28 U.S.C. § 2675(a) provides as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing

States, 888 F. Supp. 760 (S.D.W.Va. 1995). As a general matter, filing a timely administrative claim is jurisdictional and cannot be waived. Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994) (citing Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986); Muth v. United States, 1 F.3d 246 (4th Cir. 1993); Gibbs v. United States, 34 F.Supp.2d 405 (S.D.W.Va. 1999). Thus, before an inmate can bring a claim under the FTCA, the inmate must exhaust procedures specified at 28 C.F.R. §§ 14.1 to 14.115 and 543.30 to 543.32. Additionally, the Court cannot hold the case in abeyance while a plaintiff presents an administrative tort claim with the appropriate agency.[6] See Plyer v. United States, 900 F.2d 41, 42 (4th Cir. 1990)("Since the district court has no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the Motion to Dismiss until the period had expired."). 28 U.S.C. § 2401(b) provides that a tort claim must be presented to the appropriate federal agency within two years after the claim accrues and the lawsuit must be commenced within six months after the receipt of a final agency decision.

Based upon a review of the record, the undersigned finds that Plaintiff failed to properly

---

and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

[6]  The administrative process which inmates must exhaust when they have complaints under the FTCA is spelled out at 28 C.F.R. §§ 14.1 - 14.11. To exhaust administrative remedies as required before filing an action under the FTCA, the inmate must first submit an administrative claim including a claim for money damages in a sum certain for the alleged injury sustained on a Standard Form 95 to the Federal agency whose activities gave rise to the claim. Id., § 14.2(a) and (b)(1). After investigation and examination and informal attempts at resolving the inmate's claim as the circumstances may require, Id., §§ 14.6 and 14.8, the agency may deny or approve the inmate's claim. If the agency denies the inmate's claim, she may file suit in the District Court within six months of the mailing of the denial. Id., § 14.9(a). The Director of the Federal Bureau of Prisons is authorized to settle meritorious administrative Federal tort claims by providing monetary compensation. 28 C.F.R. §§ 0.96(k) and 0.172.

exhaust his administrative remedies pursuant to the FTCA. In his Complaint, Plaintiff acknowledges that he failed to exhaust his administrative remedies. Plaintiff merely states that he "did not have enough time to exhaust administrative remedies without going over the statute of limitations (2 years) for his matter." (Document No. 2, p. 3.) Plaintiff does not explain why he failed to attempt exhaustion within the two-year period. Furthermore, Plaintiff's lack of knowledge is no excuse for his failure to exhaust. See Fuentes v. Parks, 2005 WL 911442, * 2 - 3 (S.D.N.Y. Apr. 18, 2005)(finding that even though plaintiff was proceeding *pro se*, ignorance of the exhaustion requirement does not excuse the filing of a timely administrative claim). Accordingly, the undersigned recommends that Plaintiff's FTCA claim be dismissed for failure to exhaust.

**B.     *De Minimis* Injury:**

Notwithstanding the foregoing, the undersigned will briefly consider Plaintiff's claim. A plaintiff's FTCA claim must fit into one of the limited areas where Congress waived sovereign immunity. Ali v. Federal Bureau of Prisons, 552 U.S. 214, 215, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008); also see Treasurer of New Jersey v. United States Department of Treasury, 684 F.3d 382 (3rd Cir. 2012)("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacity.") An inmate "can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). Specifically, the FTCA provides at Section 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or

14

for punitive damages.

There are, however, exceptions to the FTCA's waiver of sovereign immunity. Pertinent to the instant case, Section 1346(b)(2) provides as follows:

> No person convicted of a felony . . . while serving a sentence may bring a civil action against the United States . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury.

28 U.S.C. § 1346(b)(2). Although the FTCA does not define "physical injury," courts have held that the "physical injury" need not be significant, but it must be more than *de minimis*. See Calderson v. Foster, 2007 WL 1010383 (S.D.W.Va. March 30, 2007)(noting that 42 U.S.C. § 1997e(e) is a related statute, which is not satisfied by a *de minimis* injury), aff'd, 264 FedAppx. 286 (4th Cir. 2008); also see Tsosie v. Bureau of Prisons, 2012 WL 4484935, * 4 (M.D.Pa. Sept. 27, 2012)(*de minimis* physical injuries "are insufficient to maintain a viable FTCA claim"); Owens v. United States, 2012 WL 6057126, * 5 (E.D.N.C. Dec. 6. 2012)("in order to prevail in a negligence action, [a plaintiff] must offer evidence of the essential elements of the negligence" and must show that his injury is "more than *de minimis*"); Hornes v. United States, 2007 WL 1463028, * 11 (N.D.W.Va. May 17, 2007)(dismissing plaintiff's tort and constitutional claim for mental or emotional damages where plaintiff could not "show a physical injury or that his claim [was] more than *de minimis*"). A plaintiff bears "the burden of proof to show an unequivocal waiver of sovereign immunity exists and to show that none of the FTCA's waiver exceptions apply." LeRose v. United States, 285 Fed.Appx. 93 (4th Cir. 2008), cert. denied, 555 U.S. 1170, 129 S.Ct. 1313, 173 L.Ed.2d 584 (2009).

In the instant case, Plaintiff seeks compensatory damages for injuries he suffered as a result of being a passenger in an automobile accident on August 14, 2012. Plaintiff describes his

injuries as neck stiffness, lower back pain, and left wrist pain. (Document No. 2, pp. 4 - 5.) The

undersigned finds that the injuries described by Plaintiff are *de minimis*. *De minimis* injuries are

injuries such as a "sore muscle, an aching back, a scratch, an abrasion, a bruise, etc. . . . [like

those that] people in the regular and ordinary events and activities in their daily lives do not seek

medical care for." Perez v. United States, 330 Fed.Appx. 388, 389 (3rd Cir. 2009); also see Hill v.

Crum, 727 F.3d 312 (4th Cir. 2013)(citations omitted)(noting that the following injuries are *de

minimis*: bruising, swelling, and loosened tooth; hairline fracture to finger that "required little

medical treatment and no pain medication;" severe headache; and back and shoulder aches of

limited duration); Chavero-Linares v. Smith, 2013 WL 5655559 (N.D. Iowa Oct. 15, 2013)("a

relatively minor scratch or cut and cheek pain, even if this cheek pain was ongoing, is still *de

minimis* as a matter of law because [plaintiff] suffered no serious long-term pain and received no

medical attention for her injury"); Karavias v. Virginia, 2013 WL 3879701, * 4 (W.D.Va. July

26, 2013)(indicating that plaintiff's bruises and scrapes were *de minimis*); Sublet v. United

States, 2011 WL 690533, * 3 (W.D.La. Jan. 28, 2011)(finding a bruise to be *de minimis*), aff'd,

451 Fed.Appx. 458 (5th Cir.), cert. denied, ___ U.S. __, 132 S.Ct. 1961, 182 L.Ed.2d 788 (2012);

Homen v. United States, 2002 WL 844347 (S.D.N.Y. May 2, 2002)(finding a three-centimeter

abrasion that required only minor first aid, "one or two Tylenols," no difficulty sleeping, and no

problem going about his daily routine *de minimis*). Physical pain alone is insufficient to

constitute more than a *de minimis* injury. See Calderson, 2007 WL 1010383 at * 8(citation

omitted)(physical pain alone is a *de minimis* injury that may be characterized as a mental or

emotional injury); Shields v. United States, 2010 WL 2803399 (N.D.N.Y. July 15, 2010)("If

plaintiff's injury is *de minimis*, he is not entitled to compensation for pain and suffering."), aff'd,

16

446 Fed.Appx. 325 (2nd Cir. 2011). Finally, the temporary aggravation of a pre-existing condition is a *de minimis* injury. See <u>Wertish v. Krueger</u>, 433 F.3d 1062 (8th Cir. 2006)(finding minor scrapes and bruises and the less-than-permanent aggravation of a prior shoulder condition to be *de minimis* injuries); <u>Jones v. FCI Beckley Medical Employees</u>, 2013 WL 530861 (S.D.W.Va. January 11, 2013)(finding a forearm contusion and the alleged aggravation of a prior "disc condition" to be *de minimis* where plaintiff's medical records revealed full range of motion, equal strength in bilateral extremities, and no evidence of restriction to daily activities); <u>McKinney v. United States</u>, 2013 WL 4050146 (N.D.Tex. Aug. 9, 2013)(finding lower back pain and minor abrasions to the elbow to be *de minimis* where plaintiff had full range of motion and no evidence of a back injury, other than plaintiff's pre-existing disc degeneration). Based upon a review of Plaintiff's allegations and attached medical records, the undersigned finds no indication that Plaintiff suffered more than a *de minimis* injury. (Document No. 1, pp. 4 - 13.) At most, Plaintiff alleges a temporary and slight aggravation of a pre-existing condition which is considered *de minimis*. Based upon the forgoing, the undersigned respectfully recommends that Plaintiff's FTCA claim be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1), **DISMISS** Plaintiff's Complaint (Document No. 2) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: March 8, 2017.

Omar J. Aboulhosn
United States Magistrate Judge